UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLAN ADMINISTRATOR FOR THE VOYAGER WIND-DOWN DEBTOR,<br>Plaintiff,<br>-against-<br>KYLE LIVINGSTON DAVIES, et al.,<br>Defendants. | 26-CV-6149 (RA) (RFT)<br><br>**OPINION AND ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 4(f)(3) for authorization to serve Defendants Kyle Livingstone Davies, Su Zhu, and Kelly Kaili Chen (together, "Service Defendants") by email, social media, and counsel in related proceedings (the "Motion"). (*See* ECF 15, Mot. To Serve.) For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

## I.

## BACKGROUND

On July 21, 2026, Plaintiff filed a complaint seeking declaratory and equitable relief and damages arising from alleged misrepresentations by Three Arrows Capital Ltd. ("TAC"), a cryptocurrency hedge fund founded by Davies and Zhu, and the nonpayment of loans that Plaintiff had extended to TAC. (*See* ECF 1, Compl. at 63 ¶ 1.) Plaintiff alleges that Chen and Timothy Tin Ming Lo acted as agents and co-conspirators of Davies and Zhu in connection with the conduct alleged in the Complaint. (*See* ECF 1, Compl. ¶¶ 2, 17.)

Service Defendants have "lived, worked, conducted business, and participated in litigation across multiple foreign jurisdictions," and alternative means of service have been

required to serve Service Defendants in related TAC proceedings. (ECF 16, Pl.'s Mem. at 6.) Before and after filing the Complaint, Plaintiff tried to locate Defendants for personal service and, if possible, to identify addresses at which diplomatic service could be initiated. (*See* ECF 17, Declaration of M. Elias Berman in Support of Plaintiff's Motion for Alternative Service ("Pl.'s Decl.") ¶¶ 4-5.) Plaintiff's efforts included investigation by independent investigators in multiple countries. (*See id.* ¶ 5.) The investigation yielded the location of Lo only, who was then personally served. (*See id.* ¶ 6.) The investigation failed to identify the current residential address of any Service Defendant in any of the countries where those Defendants had ties, including Canada, Malaysia, Indonesia, Taiwan, and Singapore. (*See Id.* ¶¶ 5, 7.) Plaintiff argues that because residential addresses could not be identified for Service Defendants, service cannot be made personally or through diplomatic channels such as the Hague Convention. (*See* ECF 16, Pl.'s Mem. at 9.)

Plaintiff's investigation did identify email and social media accounts and counsel associated with Service Defendants. (*See id.*) For Davies, Plaintiff identified the email addresses kyled@gmail.com and kdkcmdad@gmail.com, the X account @KyleLDavies, and Jonathan Flaxer and Martin Hyman of Spencer Fane LLP as well as Richard Baird of Forbes Hare as counsel in related TAC proceedings. (*Id.* at 9-10.) For Zhu, Plaintiff identified the email address su.zhu.09@gmail.com, the X account @zhusu, and Baird as counsel in related TAC matters. (*Id.* at 10.) For Chen, Plaintiff identified the email addresses kellychenkaili@gmail.com and chx.kel@gmail.com, the Instagram account @chx.kel, and Baird as counsel in related matters. (*Id.* at 10-11.) On July 28, 2026, Plaintiff's counsel emailed the summonses and Complaint to

Service Defendants at the above-mentioned email addresses and received no bounce backs or messages that the emails were undeliverable. (*See* ECF 17, Pl.'s Decl. ¶ 9.)

Plaintiff requests authorization to serve Davies, Zhu, and Chen by the alternative reliable channels of email, social media, and counsel in related proceedings, pursuant to Federal Rule of Civil Procedure 4(f)(3). (*See* ECF 15, Mot. To Serve.)

**II.**

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 4(f) "governs service of process on individuals in a foreign country." *Prediction Co. LLC v. Rajgarhia,* No. 09-CV-7459 (SAS), 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22,2010).[1] Under Rule 4(f)(3), district courts have authority and discretion to order service on a person at a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see also Safran Electronic & Defense SAS v. Exail* SAS, 764 F. Supp. 3d 133, 142 (S.D.N.Y. 2025) (holding that alternative service is up to the sound discretion of the district court). Service pursuant to Rule 4(f)(3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Rajgarhia*, 2010 WL 1050307 at *1.

Courts in this District frequently consider two threshold requirements before authorizing service under Rule 4(f)(3): whether the plaintiff reasonably attempted service through

[1] Unless indicated otherwise, this opinion and order omits internal quotation marks, citations, and alterations from quoted text.

conventional means and whether circumstances demonstrate the necessity of court intervention. *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265-66 (N.D.N.Y. 2026); *United States v. Lebanese Canadian Bank SAL,* 285 F.R.D. 262, 267 (S.D.N.Y. 2012*)* ; *Devi v. Rajapaska,* No. 11-CV-6634 (NRB), 2012 WL 309605, at *2 (S.D.N.Y. Jan. 31, 2012).

Where the Hague Service Convention is potentially implicated, Article 1 provides that the Convention “shall not apply where the address of the person to be served with the document is not known.” Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matter art. 1, Nov. 15, 1965, 20 U.S.T. 361. “Courts in this Circuit have found an address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so.” *Advanced Access Content Sys. Licensing Adm’r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30,2018).

Service ordered under Rule 4(f)(3) must “comport[] with constitutional notions of due process.” *Shim v. Luxury Asset Cap., LLC*, No. 24-CV-9738 (JPC), 2025 WL 3039958, at *1 (S.D.N.Y. Oct. 31, 2025). To satisfy due process, the method of service must be “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Rajgarhia*, 2010 WL 1050307, *1 (extending “reasonably calculated” service to include alternative methods of “delivery to the defendant’s attorney . . . and most recently, email”).

**III.**

**ANAYLSIS**

Plaintiff asserts that its unsuccessful "extensive efforts" in multiple foreign countries to find residential addresses for Service Defendants – who are "internationally mobile," are no longer found at their former addresses, and have not maintained confirmable physical addresses – mean that Service Defendants cannot be served by traditional means or diplomatic channels. (ECF 17, Pl.'s Decl. ¶¶ 7-8.) Plaintiff says that it has uncovered reliable alternative channels of service: email, social media, and counsel in related matters. (*See* ECF 18, Proposed Order Authorizing Alternative Service at 1-2.)

**A. Alternative Service Is Appropriate**

1. Plaintiff Exercised Reasonable Diligence and Court Intervention Is Necessary

Plaintiff has demonstrated reasonable diligence in attempting to identify physical addresses for Service Defendants. Plaintiff's efforts went beyond basic internet or address-verification searches. (ECF 17, Pl.'s Dec. ¶¶ 4-5.) Plaintiff reviewed public records, domestic and foreign court filings, known prior addresses, travel-related information, open-source intelligence, and social media activity. (*Id*. ¶ 4). Plaintiff retained two independent investigative firms that performed "searches of available local databases, local source inquiries, site visits and attempted site visits to suspected locations, surveillance, and coordination with local process servers and agents." (*Id.* ¶ 5.) Those efforts led to a current address for Lo, who was then personally served on July 22, 2026 in Ontario, Canada. (*See id* ¶ 6.) The investigators did not find current physical addresses for Davies, Zhu, or Chen. (*See id.* ¶ 7; ECF 16, Pl.'s Mem. at 8–9.)

Courts in this District have found comparable investigative efforts sufficient to satisfy the reasonable diligence standard. *See, e.g., Kelly Toys Holding, LLC v. Top Dep't Store*, No. 22-CV-558 (PAE), 2022 WL 3701216, at *6-7 (S.D.N.Y. Aug. 26,2022) (finding diligence where the plaintiff retained investigators to pursue potential addresses); *Advanced Access Content Sys. Licensing Administrator, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y Sept. 30, 2018) (finding reasonable diligence where plaintiff investigated physical addresses, searched the internet, called known phone numbers, and conducted in-person visits where reasonable).

Plaintiff pursued multiple leads through independent investigators in the jurisdictions associated with Service Defendants and hit a dead end. (*See* ECF 17, Pl.'s Decl. ¶¶ 4-9.) I conclude that Plaintiff has exercised reasonable diligence in attempting to locate the Service Defendants.

The circumstances demonstrate that Court intervention is necessary. Plaintiff has been unable to locate Service Defendants despite significant and costly multi-jurisdictional efforts, and without a current physical address, Plaintiff cannot effect personal service or initiate diplomatic service. (*See Id.* ¶¶ 4-5.) However, Plaintiff has identified electronic channels that Service Defendants use, and counsel associated with them in related TAC proceedings. In these circumstances, requiring Plaintiff to continue pursuing traditional service would cause additional delay without any meaningful prospect of success. I therefore conclude that the threshold requirements for alternative service under Rule 4(f)(3) are satisfied.

2. No International Agreement Prohibits the Proposed Alternative Service

Because Plaintiff has exercised reasonable diligence but remains unable to identify the current physical address for any Service Defendant, the Hague Service Convention does not bar the requested alternative service. *See Hague Service Convention* art. 1; *Shen*, 2018 WL 4757939, at *4. Plaintiff has not identified any current address at which diplomatic service could be initiated, whether through the Hague Convention or through letters rogatory. (*See* ECF 17, Pl.'s Decl. ¶ 7.) On the present record, there is therefore no identified international agreement that prohibits the requested methods of service.

3. The Proposed Methods of Service Comport with Due Process

Plaintiff need not establish that any particular method guarantees actual notice. Rather, Plaintiff must provide a reasonable basis to conclude that the selected methods are likely to reach Service Defendants. *See In re Three Arrows Cap. Ltd.*, 647 B.R. 440, 450 (Bankr. S.D.N.Y. 2022). I therefore consider whether Plaintiff's proposed methods – email, social media direct messages, and service through counsel in related proceedings – are reasonably calculated to provide notice.

a. Service by Email

Email service may satisfy due process where the record establishes that the identified email address is associated with the defendant and is likely to reach the defendant. *See F.T.C. v. PCCare247 Inc.*, No. No. 12-CV-7189 (PAE), 2013 WL 841037, at *3-4 (S.D.N.Y. Mar. 7, 2013); *Advanced Access Content Sys.*, 2018 WL 4757939, at *13. Plaintiff has made that showing: it identified two email addresses associated with Davies, one associated with Zhu, and two

associated with Chen. (*See* ECF 16, Pl.'s Mem. at 10-11.) Plaintiff's counsel sent the summonses and Complaint to each of those addresses on July 28, 2026, and none of the messages bounced back or was returned as undelivered. (*See id.* at 11.) That successful delivery, together with the evidence tying the addresses to Service Defendants' personal, business, and/or litigation activity, supports the conclusion that email sent to those addresses is reasonably likely to reach Service Defendants. (*See* ECF 17-1, Order with Penal Notice, *In re Three Arrows Capital Ltd.* (In Liquidation), Claim No. BVIHC(COM) 2023/0283 (BVI High Ct. July 23, 2024) ¶¶ 26-27; ECF 17-2, Order, *In re Three Arrows Capital Ltd.* (In Liquidation), Claim No. BVIHC(COM) 2023/0283 (BVI High Ct. Oct. 8, 2024) ¶ 3.)

Accordingly, service by email on Davies at kyled@gmail.com and kdkcmdad@gmail.com, on Zhu at su.zhu.09@gmail.com, and on Chen at kellychenkaili@gmail.com and chx.kel@gmail.com is reasonably calculated to provide notice.

b. Service Through Social Media

This Court has authorized service through social media accounts where the plaintiff reasonably established that the account belonged to the defendant, remained active, and was reasonably likely to bring the action to the defendant's attention. *See Carrillo v. Sabbadini*, No. 23-CV-5692 (VSB), 2025 WL 304446, at *2-3 (S.D.N.Y. Jan. 27, 2025) (authorizing service by Instagram direct message); *In re Bibox Grp. Holding Ltd. Sec. Litig.*, No. 20-CV-2807 (DLC), 2020 WL 4586819, at *3 (S.D.N.Y. Aug. 10, 2020) (authorizing service through social media accounts).

The proposed social media service is validated by the record. Plaintiff identifies @KyleLDavies as Davies' X account and @zhusu as Zhu's X account. (*See* ECF 16, Pl.'s Mem. at 9-10.) Davies and Zhu regularly used these accounts to post about cryptocurrency and to cultivate

their public profiles in the industry. (*See* ECF 17-3, Davies' X Account at 2-6; ECF 17-4, Zhu's X Account at 2-4.) Plaintiff identifies @chx.kel as Chen's Instagram account. (*See* ECF 17-5, Chen's Instagram Account.) Davies' last known active post on X (not including likes, reposts, or other forms of engagement with content) was on February 25, 2025, Zhu's was on July 22, 2026, and Chen's (on Instagram) was a comment on May 15, 2026. (*See* ECF 17-3, Davies' X Account at 2; ECF 17-4, Zhu's X Account at 2; ECF 17-5, Chen's Instagram Account at 3-4.)

On this record, direct messages to Davies and Zhu through their identified X accounts and to Chen through her identified Instagram account are reasonably calculated to provide notice. The use of social media is particularly appropriate here because Service Defendants are internationally mobile, Plaintiff has been unable to identify stable physical addresses for them, and the identified accounts provide direct channels that the record indicates they actively use.

c. Service Through Counsel in Related Proceedings

Service through counsel may also satisfy the process where the record demonstrates adequate and sufficiently recent communication between the defendant and the attorney such that service on counsel is reasonably calculated to provide notice. *See Ehrenfeld v. Salim a Bin Mahfouz*, No. 4-CV-9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y Mar. 23, 2005) (authorizing service where counsel was in communication with the defendant regarding related proceedings and knew how to locate him); *Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (authorizing service on counsel who has been specifically consulted regarding the lawsuit). By contrast, prior representation alone is insufficient where the record does not show adequate communication between counsel and the defendant. *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria* 265 F.R.D. 106, 115-17 (S.D.N.Y. 2010) (indirect connection between

plaintiff and law firm was not adequate communication to grant substitute service through the firm because the firm had never personally represented plaintiffs and had no knowledge how to contact them).

The record reflects recent representation of Service Defendants by Forbes Hare in proceedings arising out of TAC's liquidation. Chen is currently represented by Richard Baird of Forbes Hare in litigation connected to the BVI liquidation proceedings. (*See* ECF 17-8, Order and Penal Notice, *In re Three Arrows Capital Ltd.* (In Liquidation), Claim No. BVIHC(COM) 2023/0283 (BVI High Ct. Jan. 15, 2025); ECF 17-9, Order, *In re Three Arrows Capital Ltd.* (In Liquidation), Claim No. BVIHC(COM) 2023/0283 (BVI High Ct. Feb. 4, 2026).) An April 2026 filing connects Zhu to Forbes Hare, and a consent order in the TAC liquidation proceedings identifies Zhu, Davies, and Chen as being represented by Forbes Hare. (*See* ECF 17-6, Consent Order, *In re Three Arrows Capital Ltd.* (In Liquidation), Claim No. BVIHC(COM) 2023/0283 (BVI High Ct. Oct. 28, 2025); 17-7, Final Court List, *In re Three Arrows Capital Ltd.* (In Liquidation), Claim No. BVIHC(COM) 2023/0283 (BVI High Ct. Apr. 20, 2026).) These materials demonstrate adequate communication between Service Defendants and Baird of Forbes Hare so that service on Baird is reasonably calculated to reach Service Defendants.

Plaintiff proposes additional channels of notice for Davies, including Jonathan Flaxer and Martin Hyman of Spencer Fane LLP, counsel from prior TAC Chapter 15 proceedings in this District's Bankruptcy Court in 2022. (ECF 16, Pl.'s Mem. at 10.) However, Plaintiff identifies no further communication between Davies and Flaxer and Hymen since the 2022 proceedings. Therefore, the Motion is denied in part to the extent Plaintiff seeks substitute service through Flaxer and Hyman.

d. The Combined Methods Are Reasonably Calculated To Provide Notice

Plaintiff proposes multiple means of service directed at channels associated with each Service Defendant: email addresses tied to personal, business, or litigation activity; active social media accounts; and counsel involved in recent related TAC proceedings. The use of several independent channels reduces the possibility that failure of any single method will prevent notice. Given Plaintiff's inability to identify reliable physical addresses and the evidence that Service Defendants use the proposed electronic channels, the combination of methods is reasonably calculated, under the circumstances, to apprise Davies, Zhu, and Chen of this action and afford them an opportunity to respond.

## CONCLUSION

For the forgoing reasons, the Motion (ECF 15) is **GRANTED IN PART**, in that Plaintiff may effect service by delivering electronic copies of the summons and the operative complaint through the following methods:

- **Davies:** By email to kyled@gmail.com and kdkcmdad@gmail.com; by direct message to @KyleLDavies on X; and by email to counsel Baird (Richard.baird@forbeshare.com);
- **Zhu:** By email to su.zhu.09@gmail.com; by direct message to @zhuzu on X; and by email to counsel Baird (Richard.baird@forbeshare.com).
- **Chen:** By email to kellychenkaili@gmail.com and chx.kel@gmail.com; by direct message to @chx.kel on Instagram; and by email to counsel Baird (Richard.baird@forbeshare.com).

The Motion (ECF 15) is **DENIED IN PART**, in that Davies may not be served through Jonathan Flaxer and Martin Hyman of Spencer Fane LLP, counsel from 2022 TAC Chapter 15 proceedings in this District's Bankruptcy Court in 2022.

The Clerk of the Court is respectfully directed to terminate ECF 15.

DATED: October 19, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge